IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALPHONSE GAINER,                    )<br>    Petitioner,                                 )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>                                                        )<br>M. BRECKON, Warden USP Lee,   )<br>    Respondent.                             )<br>                                                        )  | Case No. 7:19cv00447<br>**<u>REPORT AND</u>**<br>**<u>RECOMMENDATION</u>**<br><br>By: Hon. Pamela Meade Sargent<br>   United States Magistrate Judge |

Pro se petitioner Alphonse Gainer, ("Gainer"), a federal prisoner currently incarcerated at the United States Penitentiary in Lee County, Virginia, ("USP Lee"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ("Petition"), alleging due process violations relating to prison disciplinary proceedings. This case addresses Incident Report, ("IR"), No. 2101661 and IR No. 2101660, which were heard before a Disciplinary Hearing Officer, ("DHO"), on January 13, 2011. This case is before the court on the respondent's Motion for Summary Judgment, (Docket Item No. 10) ("Motion"). The matter is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

I.   Facts

On December 15, 2010, Gainer was charged in IR No. 2101661, ("Claim E"), with assault (less serious injury) and refusing an order of a staff member. (Docket Item No. 1 at 5; Docket Item No. 11-9 at 1.) A disciplinary hearing on Claim E was held on January 13, 2011. (Docket Item No. 1 at 6.) The DHO found Gainer guilty of attempted assault and imposed, among other sanctions, a penalty of disallowance

-1-

of 27 days of good conduct time, ("GCT"). (Docket Item No. 1 at 6; Docket Item No. 11-9 at 2, 4.)

Gainer states that following the hearing, he requested a written statement of the evidence relied on and the reasons for the sanctions from the DHO. (Docket Item No. 1 at 6.) He alleges that he "did not receive a response to his request or a written statement of the evidence relied on and the reasons for the January 13, 2011 sanctions." (Docket Item No. 1 at 6.)

In his Petition, Gainer alleges that his due process rights were violated when, after the hearing, he was not provided with a written statement of the evidence on which the DHO relied in making the decision and the reasons for the sanctions imposed. (Docket Item No. 1 at 12-13.)[1] He seeks expungement of the charge from his record and restoration of his GCT. (Docket Item No. 1 at 13.)

On December 16, 2010, Gainer was charged in IR No. 2101660, ("Claim F"), with assault (less serious injury) and refusing an order of a staff member. (Docket Item No. 1 at 6; Docket Item No. 11-8 at 1.) A disciplinary hearing on Claim F was held on January 13, 2011. (Docket Item No. 1 at 6.) The DHO found Gainer guilty of attempted assault and imposed, among other sanctions, a penalty of disallowance of 27 days of GCT. (Docket Item No. 1 at 6; Docket Item No. 11-8 at 3-4.)

Gainer states that following the hearing, he requested a written statement of the evidence relied on and the reasons for the sanctions from the DHO. (Docket Item

---

[1] Although Gainer subsequently refers, in general, to his inability to address issues or present witnesses and other evidence during the hearing, (Docket Item No. 13 at 1; Docket Item No. 17 at 1), in the Petition he claims only that he did not receive the DHO reports after the hearing, which he states is the "crux" of his claim. (Docket Item No. 17 at 1.)

No. 1 at 7.) He alleges that he "did not receive a response to his request or a written statement of the evidence relied on and the reasons for the January 13, 2011 sanctions." (Docket Item No. 1 at 7.)

In his Petition, Gainer alleges that his due process rights were violated when, after the hearing, he was not provided with a written statement of the evidence on which the DHO relied in making the decision and the reasons for the sanctions imposed. (Docket Item No. 1 at 12-13.) He seeks expungement of the charge from his record and restoration of his GCT. (Docket Item No. 1 at 13.)

## II.   Analysis

The standard for review on a motion for summary judgment is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable party could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at

249-50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Although § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (unpublished) (upholding dismissal for failure to exhaust BOP's administrative remedies prior to filing § 2241 petition). The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock,* 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only by a showing of cause and prejudice. *See McClung*, 90 F. App'x at 445; *see also Williams v. Breckon*, 2020 WL 1158255, at *2 (W.D. Va. Mar. 10, 2020) (quoting *Carmona*, 243 F.3d at 634 (When "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies [the court] excuses this failure to exhaust.")).

The BOP's Administrative Remedy Program provides a three-level appeal process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. *See* 28 C.F.R. § 542.10 (2019). Generally, an inmate must first attempt to resolve the issues informally with a staff member. *See* 28 C.F.R. § 542.13(a) (2019). If informal resolution is not successful, the inmate may file a

formal written complaint addressed to the Warden. *See* 28 C.F.R. § 542.13(a) This complaint must be filed within 20 calendar days of the date on which the basis for the complaint occurred. *See* 28 C.F.R. § 542.14(a) (2019); (Docket Item No. 11-1 ¶ 4.) If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within 20 calendar days of the date on which the Warden signed the response. *See* 28 C.F.R. § 542.15(a) (2019); (Docket Item No. 11-1 ¶ 4.) Appeals of DHO decisions "shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. § 542.14(d)(2) (2019). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a); (Docket Item No. 11-1 ¶ 4.) Appeal to the General Counsel is the final administrative appeal. *See* 28 C.F.R. § 542.15(a); (Docket Item No. 11-1 ¶ 4.)[2]

Respondent seeks dismissal of the Petition as to Claims E and F because Gainer has not exhausted his administrative remedies with respect to those claims and has, therefore, procedurally defaulted them. (Docket Item No. 11 at 2; Docket Item No. 14 at 2.)[3] Alternatively, respondent argues that summary judgment should be entered in his favor because Gainer received the due process safeguards to which

---

[2] These time limits may be extended when the inmate demonstrates a valid reason for the delay. *See* 28 C.F.R. § 542.15(a); *see also* 28 C.F.R. § 542.14(b) (2019) (listing possible reasons for delay).

[3] Respondent filed a "Notice of Correction" in which he withdrew his jurisdictional argument based on FED. R. CIV. P. 12(b)(1) and modified his pleading to move for dismissal and/or summary judgment under FED. R. CIV. P. 12(b)(6), 12(d), and 56. (Docket Item No. 14 at 1-2.) A district court should dismiss a complaint under FED. R. CIV. P. 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the petitioner's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

he is entitled. (Docket Item No. 11 at 12.) Based on the evidence before the court, I cannot agree.

Prisoners may not be deprived of life, liberty or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, the Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). "An inmate has a liberty interest in good time credit and no state may constitutionally deprive him of that good time credit without due process of law." *Moses v. Bledsoe*, 2004 WL 3317657, at *2 (N.D. W. Va. Sept. 28, 2004); *see also Batra v. Smith*, 2016 WL 4249494, at *2 (E.D. Va. Aug. 9, 2016) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000)). The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff* as: (1) the inmate must receive written notice of the charges; (2) he must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) there must be a written statement by the factfinder as to the evidence relied on and the reasons for the decision. *See* 418 U.S. at 564-65; *see also Masengale v. Streeval*, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020) (citing *Wolff*, 418 U.S. at 564).

Delayed receipt of a DHO report, without more, is not a due process violation. *See Orozco v. Breckon*, 2020 WL 1542094, at *2 (W.D. Va. Mar. 31, 2020); *accord Pinson v. Berkebile*, 528 F. App'x 822, 826-27 (10th Cir. 2013) (unpublished) (finding no prejudice to prisoner challenging disciplinary proceeding based on multi-year delay in delivery of DHO report). Although the BOP's Program Statement sets a putative 15-day time limit on delivery of DHO reports, *see Orozco*, 2020 WL

1542094, at *2 (citing BOP Program Statement, Inmate Discipline Program, Policy No. 5270.09, § 541.8(h)), "the BOP's violations of its own policies do not amount to a due process violation." *Bauer v. Warden FCI Williamsburg*, 2017 WL 318683, at *2 (D. S.C. Jan. 23, 2017) (citation omitted). Even though failing to abide by its own policies is not a per se due process violation, such a violation may give rise to a claim when the violation prejudices a claimant in some meaningful way. *See Orozco*, 2020 WL 1542094, at *2. "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Orozco*, 2020 WL 1542094, at *2 (quoting *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999)).

It is clear that Gainer now has received the DHO reports pertaining to Claims E and F as they were attached to respondent's summary judgment memorandum. (Docket Item No. 11-8; Docket Item No. 11-9.) Gainer states that he did not receive the reports previously. (Docket Item No. 1 at 6-7; Docket Item No. 13 at 1.) Gainer submitted as additional evidence a DHO report from a different, earlier incident and hearing, which he received on August 5, 2019, (Docket Item No. 9 at 6; Docket Item No. 13-3), and which he states "supports [his] claims that [he] was never served or received the D.H.O. reports, which violated [his] 'Due Process Rights.'" (Docket Item No. 9 at 1.)

Respondent, on the other hand, argues that the written statements for Claims E and F were produced to Gainer on February 3, 2011. (Docket Item No. 11 at 8, 13 (citing Docket Item Nos. 11-8, 11-9).) Respondent has submitted a declaration from Tiffanie Little, a legal assistant for the BOP Mid-Atlantic Region, along with exhibits from the BOP's SENTRY system, which allows an inmate's administrative remedy history to be reviewed as an Administrative Remedy Generalized Retrieval

-7-

Form. (Docket Item No. 11-1 ¶ 5; Docket Item No. 11-3.) These exhibits include the DHO written statements of evidence and reasons for sanctions for the individual disciplinary hearings related to Claims E and F, which reflect that they were delivered to Gainer on the dates cited by respondent. (Docket Item No. 11-8 at 4; Docket Item No. 11-9 at 5.)

As to exhaustion of administrative remedies, Gainer alleges that "[a]lthough the Declaration of Tiffanie Little suggest[s] that [he] filed and or attempted to file administrative remedies, each time they were rejected because [he] had not been provided the DHO report." (Docket Item No. 13 at 1 (citing Docket Item Nos. 13-1–13-3).) Respondent states that Gainer filed administrative remedies related to Claims E and F but did not appeal the denials of those administrative remedies. (Docket Item No. 11 at 7 (citing Docket Item Nos. 11-1 ¶¶ 13-14, Docket Item No. 11-3 at 19-20).) Respondent also alleges, "[n]one of the administrative remedies at issue was ever rejected due to [Gainer] failing to include a copy of the DHO report at issue, so he must have included copies of them in his administrative remedy filings." (Docket Item No. 11 at 14 (citing Docket Item No. 11-3); Docket Item No. 11-1 ¶ 19 ("None of the administrative remedies relevant to any of the IR Nos. at issue in this case were rejected for the failure of [Gainer] to include the DHO report.").)

As previously stated, failure to exhaust may be excused only by a showing of cause and prejudice for the failure. *See McClung*, 90 F. App'x at 445; *Green v. Fed. Bureau of Prisons*, 2006 WL 903229, at \*1 (W.D. Va. Apr. 7, 2006). Respondent argues that Gainer "has not shown cause or prejudice for his failure to exhaust." (Docket Item No. 11 at 11.) Gainer states that he "in good faith has demonstrated that he has exhausted and or attempted to exhaust his administrative remedies in

-8-

each claim . . . ." (Docket Item No. 17 at 2.) Gainer contends that he has shown cause due to the lack of receipt of the DHO reports and that he was prejudiced by the denial of his appeals for failing to include the reports. (Docket Item No. 13 at 1; Docket Item No. 17 at 1.)

Respondent's final argument is that the court should grant summary judgment in his favor because Gainer received all of the due process safeguards afforded him by *Wolff*. (Docket Item No. 11 at 12.) Because Gainer was provided with copies of the DHO reports, according to respondent, respondent has complied with the *Wolff* requirements. (Docket Item No. 11 at 14.)

While Gainer disputes that he received the DHO reports at issue in this case on the date respondent claims he did, there is no doubt that he has received them now. That is not the end of the inquiry, however. Delayed delivery of a DHO report is not, in and of itself, a due process violation, "but rather the prejudice resulting from such delay." *Orozco*, 2020 WL 1542094, at *2. However, the fact that Gainer has undisputedly now received the reports may render the issue moot. *See Williams*, 2020 WL 1158255, at *2 ("[W]ithout a showing of prejudice, [Gainer's] claims concerning the delayed receipt of the DHO reports now appear to be moot.").

I find that there are genuine disputes of material fact as to whether Gainer received the DHO reports related to Claims E and F in a timely manner. I further find that there are genuine disputes of material fact regarding the reason for Gainer's failure to exhaust his administrative remedies and whether Gainer has demonstrated cause for his failure to exhaust and resulting prejudice. Because of these disputes, I am unable to conclude that Gainer has received all of the process to which he is entitled.

# PROPOSED FINDINGS OF FACTS AND
# CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions, and recommendations:

1. Gainer now has received the requested written statements of the facts relied on in the DHO's decisions regarding Claims E and F and the reasons for the sanctions imposed;
2. There is a genuine dispute of material fact as to whether Gainer previously received the requested written statements;
3. Gainer failed to exhaust his administrative remedies as to Claims E and F;
4. There is a genuine dispute of material fact as to why Gainer failed to exhaust his administrative remedies with respect to Claims E and F and whether he has shown cause for the failure to exhaust and resulting prejudice; and
5. Respondent has not demonstrated that he is entitled to judgment as a matter of law.

# RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny respondent's Motion. I further recommend that the court issue a show cause order requiring Gainer to show cause as to why the case should not be dismissed as moot since he now has received the reports in question.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

**DATED**: September 10, 2020.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE