# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

|  |  |
|---|---|
| **ALPHONSE GAINER,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:19CV00447 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **M. BRECKON, WARDEN USP LEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Alphonse Gainer, Pro Se Petitioner; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Petitioner, Alphonse Gainer, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The court severed Gainer's Petition into eight separate civil actions, each challenging one or more disciplinary proceedings by which Gainer lost Good Conduct Time ("GCT").[2] This action consists of Claim E, related to Incident Report No. 2101661, and Claim F,

---

[1] When Gainer filed his § 2241 petition, he was confined at the United States Penitentiary in Lee County, Virginia, a facility operated by the Federal Bureau of Prisons ("BOP") and located within this judicial district.

[2] The court severed Gainer's claims according to the hearing dates that he listed in the Petition for each of the challenged disciplinary proceedings. Documentation now in the record indicates that some of his listed hearing dates were incorrect. As a result, claims combined in some of the severed actions are unrelated to each other, as in this case.

related to Incident Report No. 2101660.³ I denied summary judgment but directed Gainer to show cause why his claims should not be dismissed as moot. After review of the record and the parties' responses, I conclude that Gainer's claims are moot or without merit and must be dismissed.

I.

Gainer filed his § 2241 Petition in May 2019. As to Claim E, the Respondent's documentation demonstrates that the incident and the Incident Report 2101661 both occurred on December 15, 2010. Mem. Supp. Mot. Summ. J. Ex 1, Little Decl., Attach. H, ECF No. 11-9. At the hearing on January 13, 2011, the Disciplinary Hearing Officer ("DHO") found Gainer guilty of attempted assault and penalized him with "[d]isallow[ance] of twenty-seven (27) days of Disciplinary Segregation." *Id.* The Respondent's documentation indicates that Gainer was provided with a copy of the DHO Report on February 3, 2011. It is undisputed that Gainer received a copy of the DHO report in September 2019, as an attachment to the Respondent's Motion for Summary Judgment. The Appeal Rights section of the DHO report states: "The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." *Id.*

---

³ In construing and severing Gainer's initial Petition, the court used the letter designations that Gainer had assigned to his 12 claims. I note that counsel for Respondent also used letters to designate the attached records for each claim with the Respondent's Motion for Summary Judgment filed jointly in all of the pending cases. These two sets of letter designations do not match.

As to Claim F, the Respondent's documentation demonstrates that the incident and the Incident Report 2101660 both occurred on December 16, 2010. Little Decl., Attach. G, ECF No. 11-8. After the disciplinary hearing on January 13, 2011, the DHO found Gainer guilty of attempted assault. The DHO penalized Gainer with "[d]isallow[ance] [of] twenty-seven (27) days Disciplinary Segregation."[4] *Id.* The Respondent's documentation indicates that Gainer was provided with a copy of the DHO Report on February 3, 2011. It is undisputed that Gainer received a copy of the DHO report in September 2019, as an attachment to the Respondent's Motion for Summary Judgment. The Appeal Rights section of the DHO report states: "The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." *Id.*

In his unverified Petition, Gainer contends that he never received a copy of the DHO reports related to Claims E and F, in violation of his due process rights. On that basis, he seeks expungement of the disciplinary offenses and restoration of his forfeited GTC. I referred the Respondent's summary judgment motion to the magistrate judge, who issued a Report and Recommendation that I adopted without objection from the parties. Specifically, I found that in September 2019, as Gainer

---

[4] As to both Claims E and F, Gainer asserts in his Complaint that his penalty was loss of 27 days of GCT. It is thus assumed that the DHO's written penalties were in error when they referred to "Disciplinary Segregation."

now concedes, he received copies of the DHO's written statements regarding Claims E and F, attached to the summary judgment motion. I found material facts in dispute as to whether Gainer had previously received the DHO's written statements. I denied summary judgment,[5] but I directed Gainer to show cause why his claims should not be dismissed as moot, since he has now received copies of the DHO reports.

Both parties have filed responses on the issue of mootness. Gainer's unverified response asserts that delay of the DHO reports affected his opportunity to appeal the DHO's findings in a timely manner; that appeals he attempted in the past were rejected because he could not provide a copy of the DHO report to the appellate reviewers at the BOP Regional or Central Offices; and that belated receipt of the DHO reports made "it impossible to request video or camera footage and or witnesses," evidence that "could have ex[o]nerated [him] of all or part of accusations." Resp. 1, ECF No. 20. I construe the claims I must consider here as follows: (1) failure to provide Gainer with the DHO reports violated due process under *Wolff*; and (2) delay of the DHO reports (a) prevented him from requesting

---

[5] I also denied summary judgment as to the Respondent's argument that Gainer failed to exhaust administrative remedies. I found disputes of fact as to whether he could show cause and prejudice for his failure to do so, based on the alleged delays of the DHO reports. Because I herein conclude that Gainer's claims must be dismissed as moot or without merit, I need not consider the exhaustion issue further.

exculpatory evidence; and (b) violated BOP policy in a manner that prejudiced his ability to appeal the DHO's findings.

II.

Prisoners may not be deprived of life, liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[I]t is well-established that inmates have a liberty interest in the forfeiture of vested good conduct time." *Masengale v. Streeval*, No. 7:19-CV-543, 2020 WL 4227559, at *4 (W.D. Va. July 23, 2020).[6] "Thus, good conduct time can only be taken from a prisoner in a manner that comports with due process." *Id.* *Wolff* provides that when a prisoner is accused of a disciplinary infraction involving loss of GCT (1) he must receive written notice of the charges; (2) he must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) there must be a written statement by the factfinder as to the evidence relied on and the reasons for the decision. 418 U.S. at 564-65.

Courts have recognized that "with respect to a [§ 2241] claim that an inmate did not receive the DHO Report, such a claim is rendered moot if the inmate receives the report after filing" his petition. *Jones v. Andrews*, No. 1:20CV251 (CMH/TCB),

---

[6] I have omitted internal quotation marks, alterations, and citations here and throughout unless otherwise noted.

2020 WL 4809440, at *3 (E.D. Va. Aug. 18, 2020) (citing other cases). Gainer concedes that he has received copies of the DHO reports, thus fulfilling that aspect of his due process rights under *Wolff*. Thus, I must deny this due process claim as moot.

Delayed receipt of a DHO report, even in violation of BOP procedures, without more, is also not a due process violation. *Orozco v. Streeval*, No. 7:19-CV-00040, 2021 WL 849985, at *3 (W.D. Va. Mar. 5, 2021); *accord Pinson v. Berkebile*, 528 F. App'x 822, 826-27 (10th Cir. 2013) (unpublished) (finding no prejudice to prisoner challenging disciplinary proceeding based on multiyear delay in delivery of DHO report). According to BOP policy, an inmate will receive a copy of the DHO report "ordinarily within 15 work days of the decision." *Orozco*, 2021 WL 849985, at *3. However, BOP staff violations of BOP "policies do not amount to a due process violation." *Id.* "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999).

I find no merit to Gainer's assertion that any delay of the DHO reports prejudiced his ability to gather evidence. Evidence gathering occurs before or during the hearing process, long before the DHO issues findings on that evidence in the report. The records related to Claims E and F indicate that Gainer was advised of his right to request witnesses and documentary evidence well before the hearings,

including video footage, and that he had opportunity to avail himself of those rights. Thus, I will dismiss Gainer's claim of prejudice related to hearing evidence.

Gainer also has no claim that delay of the DHO report deprived him of a constitutional due process right to appeal the disciplinary findings. Federal procedural protections under *Wolff* do *not* include a right to appeal the DHO's finding or the imposed penalty. *Brown v. Angelone*, 938 F. Supp. 340, 345 (W.D. Va. 1996) (holding that because "*Wolff* did not mandate that prison officials provide inmates with an appeal of disciplinary hearing findings," violation of prison disciplinary appeal procedures does "not implicate federal due process rights"); *Orozco*, 2021 WL 849985, at *3 (citing other cases). As such, I will dismiss Gainer's claim that the alleged delayed receipt of the DHO reports deprived him of a constitutional right to appeal the DHO's findings.

As discussed, under limited circumstances, a governmental delay in violation of a BOP policy may also prejudice an inmate's rights in other respects. For example, a delay in providing a DHO report might prejudice the inmate's right to appeal forfeiture of his GTC to seek restoration in time to affect his release date. *See Shahan v. Ormond*, No. 3:18CV200-HEH, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (unpublished) (holding that because inmate could appeal after receipt of delayed DHO report concerning revocation of GCT — the only sanction in which he had a protected liberty interest

— delay did not prejudice him given the length of time before his projected release).[7] Ordinarily, if the governmental delay of the DHO report did not inhibit the inmate's opportunity to appeal, however, he has no actionable habeas claim based merely on the delay. *See Oswald v. Andrews*, No. 2:20CV367, 2021 WL 2306737, at *4–5 (E.D. Va. Apr. 19, 2021) ("A delay in receiving a written statement of the evidence relied on that does not have a prejudicial effect on the prisoner's administrative appeal, does not provide a basis for habeas relief on due process grounds.") (citing other cases), *R. & R. adopted*, No. 2:20CV367, 2021 WL 2295585 (E.D. Va. June 4, 2021).

Gainer simply fails to show that any governmental delay alone affected his ability to appeal regarding Claims E and F. First, he fails to show why he waited eight years to file this § 2241 action or other administrative remedies about the lengthy delays he claims in 2011. While he vaguely alleges that he requested copies of the DHO reports, he offers no dates for these requests and presents no evidence that he pursued administrative remedies about the alleged delays in receiving those reports.[8] Instead, it appears that Gainer sat on his hands for years and then asserted

---

[7] The record indicates that Gainer's expected release date is in July 2026. Given the time before that date, he has not shown that the alleged delays of the DHO reports in this case prejudiced his ability to seek and enjoy any potential benefit from restoration of lost GCT.

[8] It also appears that Gainer could have requested extensions to pursue administrative remedies, based on the delay of the DHO reports. 28 C.F.R. § 542.15

-8-

in 2019 that alleged governmental delays in 2011 should entitle him to restored good conduct time. The lack of evidence of any personal diligence by Gainer in obtaining documentation and apealing these disciplinary proceedings severely undercuts his contention that alleged delays by BOP staff prejudiced his ability to appeal. *See Robinson v. Hutchinson*, No. 4:20-00162-TLW, 2021 WL 508389, at *2 (D.S.C. Feb. 11, 2021) (holding that inmate cannot establish due process violation where lack of appeal was result of his own inaction rather than BOP staff actions); *Shahan*, 2018 WL 6681210, at *7–8 (same).

Second, the record does not support Gainer's claim that delay of the DHO reports *prevented* him from pursuing administrative appeals. It is clear from the record that an inmate has 20 days from *receipt* of the DHO report to appeal its findings. Gainer vaguely claims that his unspecified, attempted appeals were rejected because he did not have the DHO reports. The record reflects, however, that if an administrative remedy is rejected for failure to include the DHO report, the computer record would so designate using the code DHO. According to BOP Legal Assistant Tiffanie Little with the BOP Mid-Atlantic Regional Office, none of

---

(providing extension of appeal time limits when inmate demonstrates valid reason for delay, such as situations described in 28 C.F.R. § 542.14(b)). "In general, [a] valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b). Among other things, this regulation allows for extensions based on the inmate's indication, verified by staff, that his request for an administrative remedy response was delayed. The record does not reflect that Gainer made any effort to seek extensions to appeal.

Gainer's administrative remedies related to the Incident Reports at issue in his initial twelve-claim petition were rejected based on his failure to include the DHO report. Little Decl. ¶ 19, ECF No. 11-1. It is undisputed that as to each of the DHO reports at issue in Claims E and F, Gainer filed one administrative remedy, but after it was denied, he did not attempt a further appeal as to these claims. *Id.* at ¶¶ 13, 14.

Third, Gainer fails to demonstrate any nonfrivolous claim that he was unable to pursue in a BOP administrative appeal regarding the disciplinary proceedings at issue in this case. His Petition challenged only the delay of the DHO reports themselves. It did not include any substantive challenge to the DHO's findings that he wished to bring on appeal. Thus, I find no factual basis on which the alleged delays in violation of BOP policy prejudiced Gainer in any meaningful way.

### III.

Based on the foregoing, I conclude that Gainer's Claims E and F in this case are either moot or without merit. He is not entitled to habeas relief under § 2241 based on his allegations that his copies of the DHO reports at issue in these claims were delayed and these claims are denied.

A separate Judgment will be entered herewith.

DATED: May 16, 2022

/s/ JAMES P. JONES
Senior United States District Judge